WILKERSON v. WHITNEY.

Wilkerson
v.
Whitney.

The third section of the act to restrain gaming, ( R. C. 1835, p. 291.) Providing that "all *judgments &c.*, when the consideration is money or property, won at any game or gambling device, shall be void," extends only to judgments by confession ; where the judgment was obtained by due process of law, no defence having been made, or an unavailing defence, the judgment cannot be set aside, or vacated by a bill in equity, or on motion.

Appeal from the Circuit Court of Livingston county.

SLACK for Appellant.

CLARK for Appellee.

*Opinion of the Court, delivered by Napton, Judge.*

This was a bill in chancery, praying an injunction against a judgment at law, obtained upon a note for fifty-six dollars. The bill charges that the note was given for a gaming consideration. The circuit court dismissed the bill, and the only question here is, whether courts of chancery have any power to enjoin a judgment at law, regularly obtained, upon a charge of gaming in the consideration of the obligation on which the judgment was founded.

The act of December 30, 1824, (Rev. Code, '25, p. 410,) declared that all judgments, mortgages, assurances, bonds, notes, bills, specialities, &c., given, granted, drawn, or executed contrary to the provisions of that act, might be set aside and vacated by any court of equity, upon bill filed for that purpose by the person so granting, giving, entering into, or executing the same. The act of March 9, 1835, (Rev. Code of 1835, p. 290,) merely declares, that all judgments, conveyances, bonds, bills, notes, and securities, when the consideration is money or property won at any game or gambling device, shall be void. The act further provides, that any defence under it may be specially pleaded or given in evidence under the general issue.

The judgments spoken of in the act of 1825, I under-stand to be judgments by confession or warrant of attorney. The words "given, granted, executed, entered into," could hardly be applicable to a judgment upon plea or by default. And though the act of 1835 has omitted these words, and speaks generally of judgments, bonds, notes, and other as-surances, yet it is plain that no other judgments were em-braced in its provisions, than judgments by confession. The act was intended to include all *assurances*, from the lowest order of specialties to those of the highest dignity in the eye of the law. To suppose that a judgment obtained by due process of law, where no defence was made, or an una-vailing one, could be set aside on motion, or re-examined by a chancellor on allegations of a gaming consideration, would create an anomaly in the law, and conflict with express provisions of our statute, declaring that courts of equity shall not have jurisdiction, when adequate relief can be had at law. The circuit court, in my opinion, did not err in dismissing the bill.

